[Civ. No. 3058.  First Appellate District, Division One.—December 24, 1919.]

MARIN MUNICIPAL WATER DISTRICT, a Public Corporation, Appellant, v. MARIN WATER & POWER COMPANY (a Corporation), et al., Respondents.

[1] MUNICIPAL WATER DISTRICT — EMINENT DOMAIN — VALUATIONS — SUBMISSION TO RAILROAD COMMISSION — FINDINGS SUBJECT TO CHANGE.—Where, under proceedings in eminent domain instituted by a municipal water district against a public utility company, the report of the Railroad Commission, made in proceedings had pursuant to a petition filed in accordance with section 47 of the Public Utilities Act, contained a reservation that the value fixed for the "miscellaneous equipment" was "subject to change at time of purchase," and the corporation owner made no objection thereto, either by seeking a review of the finding by the supreme court, or by objecting to the matter being considered by the court in the condemnation proceeding, it is bound by the report.

[2] ID.—SUPPLEMENTAL REPORT—FAILURE TO HAVE REVIEWED—FINALITY OF.—Where such municipal water district did not take any steps to have the supplemental report of the commission as to the value of

such equipment reviewed by the supreme court within the time pre-
scribed by section 67 of the Public Utilities Act, the order of the
commission became final.

[3] ID.—SUBMISSION TO ARBITRATION—LIABILITY FOR CONSEQUENCES.—
Such municipal water district, having submitted the matter of valu-
ation to the Railroad Commission for final arbitration, pursuant to
the provisions of section 47 of the Public Utilities Act, and such
valuation having been made, may not escape the legitimate conse-
quences of its own act.

[4] ID.—MODIFICATION OF JUDGMENT BY AGREEMENT—APPEAL.—Where
in such eminent domain proceeding the modification of the judg-
ment to conform to the findings of the commission as to the value
of certain of the equipment was the result of the agreement of the
parties, such modification will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of
Marin County.   E. T. Zook, Judge.   Affirmed.

The facts are stated in the opinion of the court.

George H. Harlan for Appellant.

Lilienthal, McKinstry & Raymond for Respondents.

WASTE, P. J.—Under proceedings, and judgment, in
eminent domain, plaintiff took possession of the property of
the defendant so condemned, upon depositing the sum of
one hundred thousand dollars, as required by the court,
under the provisions of section 1254 of the Code of Civil
Procedure.   Thereafter the lower court modified its judg-
ment, by increasing the amount allowed the defendant for a
portion of the property taken.   Plaintiff appeals from this
modified judgment, and from two orders, made in connec-
tion with the disposition of the deposit.

Plaintiff, the Marin Municipal Water District, preparatory
to a proceeding in eminent domain, filed with the Railroad
Commission of the state of California a petition under the
provisions of section 47 of the Public Utilities Act, asking
the commission to fix and determine the compensation to be
paid by the district for all the lands, property, and rights of
defendant, the Marin Water and Power Company, connected
with its business of selling water for domestic and other
uses in Marin County.   After due proceedings had, the com-
mission filed its findings, wherein it determined that the just

compensation to be paid for the property to be condemned was the sum of $1,200,150. The lands, property, and rights of the defendant, for which said compensation was fixed, were described in a schedule attached to and made a part of the findings which became final on May 10, 1915. On the fifth day of June, succeeding, plaintiff filed its complaint in condemnation.

The commission valued the structural properties of the Water and Power Company as a unit, but in arriving at the sum total of the compensation to be allowed, considered various portions thereof as different items. It fixed the value of the "miscellaneous equipment" of the concern at twenty-five thousand dollars, "subject to change at the time of purchase."

The defendant applied to the supreme court for a review of the decision of the commission, on the question of value, one of the points urged being that the commission had valued the plant and property as a unit, and had failed to make a separate finding as to the value of each parcel of property, for which reason it was claimed the proceeding for valuation was void. The supreme court affirmed the determination of the commission, and held that the failure to make such detailed findings did not cause a loss of jurisdiction or make the proceedings void; that at the most, the making of a general finding was but an irregularity. (*Marin Water & Power Co.* v. *Railroad Commission,* 171 Cal. 706, 717, [Ann. Cas. 1917C, 114, 154 Pac. 864].) The condemnation action was thereupon proceeded with.

On May 23, 1916, the superior court entered its judgment in condemnation, wherein it fixed the value of the property, lands, and rights condemned at the sum of $1,200,150, as determined by the Railroad Commission. It further decreed, pursuant to the provisions of section 47 of the Public Utilities Act, [Stats. 1911 (Ex. Sess.), p. 42], that the judgment was subject to modification on account of any unreasonable depreciation or deterioration of the value of the property taken, or on account of any loss which might be suffered by the defendant through being required to properly take care of the property. Defendant appealed to the supreme court from this judgment. While the appeal was pending, plaintiff asked to be put into possession of the condemned property, under section 1254 of the Code of Civil Procedure.

The court granted the application, requiring that plaintiff deposit, and pay into court, $1,200,150, the full amount of the judgment, together with the sum of one hundred thousand dollars, as a fund to pay any further damages, and costs, that might be recovered by the defendant in the proceedings, as well as all damages which might be sustained by the defendant, if, for any cause, the property might not be finally taken for a public use.

It was further provided in the order for possession that of this sum of one hundred thousand dollars, so deposited, a portion thereof should be made applicable to the payment to the defendant of such sum as should be fixed by the Railroad Commission, as compensation to be paid by plaintiff, for property acquired, and added to its plant by defendant, subsequent to the date of the fixing of the valuation of the property by the Railroad Commission, including all extensions, which the plaintiff stipulated should be paid for by it, in addition to the amount of the judgment. The order, like the judgment, also provided for the payment from the fund for any loss suffered by defendant, in order to preserve the property condemned.

Plaintiff took possession of the property, the amount of the judgment was paid to the defendant, the sum of one hundred thousand dollars was deposited with the court, and, by stipulation, placed on deposit in a bank agreed upon. Thereafter, on November 29th, defendant petitioned the Railroad Commission to revalue the company's miscellaneous equipment and a portion of its physical structures. There appears also to have been pending at the time a prior supplemental petition asking the commission to determine the amount of loss alleged to have been suffered by the defendant in connection with certain betterments, improvements, and additions and extensions to the property during the condemnation proceedings. The final action of the commission on these supplemental petitions resulted in its determination that defendant should be paid the sum of $11,775.76, which amount seems to have been stipulated to between the parties, for the additions and betterments installed subsequent to April 9, 1915, and the further sum of $8,778.53, as additional compensation for miscellaneous equipment, which amount the commission found was in excess of the tentative allowance theretofore

made for such purpose, in arriving at its original determination of the value of the defendant's property.

In the meantime, the supreme court affirmed the judgment in condemnation. (*Marin Municipal Water District* v. *Marin Water & Power Co.*, 178 Cal. 308, [173 Pac. 469].) By consent of the parties, plaintiff then withdrew $79,465.71 of the one hundred thousand dollars theretofore deposited. It also made a motion for an order of the court authorizing it to withdraw the additional sum of $8,778.53 from the fund upon the ground that the award of that amount to the defendant for its additional equipment was made in excess of the jurisdiction of the Railroad Commission and consequently void. The court denied the motion. From that order, one of the appeals is taken.

The court then entered a modified judgment changing its former decree in conformity with the revaluation order of the commission, by adding to the amount awarded defendant for the condemned property the agreed item of $11,775.76 for extensions to its distributing system, and $8,778.53, the additional compensation for the miscellaneous equipment. On the same day it made an order granting the application of the defendant to withdraw from the deposit the remaining sum of $20,554.29, covering these payments. Plaintiff also appeals from this order, and from the modification of the judgment.

It is the contention of the appellant that the proceedings had by the Railroad Commission, resulting in the revaluation of the miscellaneous equipment of the defendant, were void, for two reasons: First, because taken after the amount to be allowed, as compensation for the condemned property, had been transferred to the supreme court by appeal from the judgment in the condemnation action, and, second, it contends that the judgment of valuation by the Railroad Commission of defendant's property had on the original application before condemnation brought became final when that valuation was affirmed by the decision of the supreme court; that under the provisions of section 47 of the Public Utilities Act the Railroad Commission only had jurisdiction to act further in the premises to decide and fix the amount of the loss which the owner of the public utility may have suffered between the time when the judgment in condemnation has become final and the time of the payment of the compensation, in order

to preserve the property; that that is the limit of the power conferred upon the commission to increase the award for the public utility, once it has been determined. As authority for its position appellant quotes from the decision by the supreme court in *Marin Municipal Water District* v. *Marin Water & Power Co., supra,* wherein it is said: "Section 47 creates a special proceeding in eminent domain. The ascertainment of value by the Railroad Commission, and the subsequent action in the superior court, in which the previous finding of value is made conclusive, are both parts of that proceeding. The hearing by the commission on the question of value is merely a step in the litigation prosecuted to enforce the right of eminent domain. In effect, therefore, the value is fixed as of the date of the institution of the condemnation proceeding, as it is in cases prosecuted under the code sections alone."

Appellant argues, therefore, that the Railroad Commission had no jurisdiction after it once fixed the valuation, and the same having been affirmed by the supreme court, and adopted by the superior court in the condemnation proceedings, to modify its judgment which fixed the value of the property to be condemned as of the date of the institution of the condemnation proceedings. It further contends that the deposit of the sum of one hundred thousand dollars required by the court under section 1254 of the Code of Civil Procedure was a fund to pay further damages and costs that might be recovered in said proceeding, as well as the damages that might be sustained by defendant, if, for any cause, the property should not be finally taken for public use, which special purpose did not include the revaluation of the property theretofore valued.

Another point made is that the superior court had no power to modify its judgment in condemnation after the same had been affirmed by the supreme court.

Respondent takes the position that the parties were before the Railroad Commission in a judicial capacity; that, when before it, the parties entered into two stipulations, one for the valuation of certain extensions and for the modification of the judgment of the superior court to include their value, the other for a final valuation of miscellaneous equipment to be thereafter delivered, and for a modification of the judgment accordingly. It contends that the record shows such

stipulations to have been made; that both valuations were made pursuant to the stipulations, and were certified to the superior court for the purpose of modifying the judgment while the appeal from the original judgment was pending.

Some difficulty might be had in arriving at a correct determination of the questions thus presented were it not for the fact that we are satisfied the contention of the respondent should be upheld.

[1] According to the petition filed by plaintiff, asking the Railroad Commission to value defendant's property prior to condemnation, as set out in the complaint in condemnation, the "miscellaneous equipment" of defendant's plant consisted of "tools and appliances, materials and supplies on hand, furniture and office fixtures, and a private telephone line; also all maps, map-books, block-books, records, pipe lists, inventories, and all data and equipment pertaining to the construction and operation of the water plant of said Marin Water and Power Company which was the result of the surveying, planning, or other office work which was necessary for or actually engaged in the construction and maintenance of said work." Much of this equipment would naturally require replacement during the time occupied in the condemnation proceedings. A valuation as of the time of the commencement of the condemnation action might be far from the value existing at the time the property was taken over. In view of the fact that the Railroad Commission retained jurisdiction in this proceeding, under section 47 of the Public Utilities Act, to fix and determine the loss, if any, incurred by the defendant in order to preserve the property between the time the judgment of condemnation should become final, and the time of the payment of the compensation awarded, it appeals to us as being more than probable that the parties to the proceeding would stipulate that the item of "miscellaneous equipment" should also be the basis of future consideration by that tribunal. Respondent and appellant did enter into a stipulation that the question of the amount to be paid defendant by the plaintiff to reimburse it for the extensions to and betterments of the plant made by respondent during the proceedings should be left to and be determined by the Railroad Commission. Appellant asserts in its briefs that it did not agree that the commission should revalue the miscellaneous equipment. It has brought to the court's at-

tention, however, no evidence that such was really the case. There is strong showing to the contrary. Mr. Commissioner Thelen, who wrote the report and findings for the Railroad Commission in the matters considered by it, in the supplemental proceedings, says:

"The item 'Miscellaneous Equipment,' as shown in Table I in said Decision No. 2279 of April 9, 1915, contains the following note: 'This item is subject to change at time of purchase.' No complete inventory of miscellaneous equipment was presented to the Railroad Commission in the original proceeding herein and the compensation allowed under this head was only tentative. Entirely apart from the question whether, under a strict interpretation of section 47 of the Public Utilities Act, an additional allowance for this item can be made as of the time of the purchase, the parties have all assented to and acted upon this disposition of the matter. I believe that good faith now requires that the matter be disposed of as indicated in said decision, and I shall pursue this course."

As respondent made no objection, so far as the record discloses, to the original report of the commission containing the reservation that the valuation of twenty-five thousand dollars for the "miscellaneous equipment" was "subject to change at time of purchase," either by seeking a review of the finding by the supreme court or by objecting to the matter being considered by the court in the condemnation proceedings, we feel it is bound by the report. [2] Again, the record does not disclose that plaintiff took any steps to have the supplemental report of the commission reviewed by the supreme court, as it should have done if aggrieved thereby or dissatisfied therewith. Consequently the order of the commission has become final. (Public Utilities Act, secs. 65 and 67.) [3] Having, as the commission found, submitted the matter to that tribunal for final arbitration, it may not now escape from the legitimate consequences of its own act.

[4] As the modification of the judgment was the result of the agreement of the parties, it follows that it should not be disturbed. In view, also, of the reservations contained in the original decree concerning the deposit of the one hundred thousand dollars, and of the suggested attitude of the parties

toward the whole matter, which the record does not negative, we are of the opinion that the disposition by the court of that fund was well within the scope of the agreement and intention of the parties.

The judgment and orders appealed from are affirmed.

Kerrigan, J., and Wood, J., *pro tem.*, concurred.